IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DAVID WEBB,<br><br>      Plaintiff,<br><br>v.<br><br>ELIJAH SWENSEN, TRAVIS KEARL, ALICIA MARIE WASHINGTON, ANDY MUELLER, BENJAMIN REINKINS SOKOLIK, MICHAEL ASHMENT, BRETT JAY LYMAN, AND CLINT R. DRAKE, DEFENDANTS,<br><br>      Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 1:14-cv-00148-DB-DBP<br><br>District Judge Dee Benson<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(B). (ECF No. 6.) The court previously dismissed Plaintiff's claims and subsequently denied a request to amend. (*See* ECF Nos. 8, 13, 30, 34.) The denial was without prejudice as to certain claims against one Defendant. (*See* ECF Nos. 30, 34.) Presently before the court is Plaintiff's motion for Rule 54(b) certification (ECF No. 36) and motion for leave to file a third amended complaint. (ECF No. 40.) For the reasons below, the court **RECOMMENDS** that the district court **DENY** both motions.

## ANALYSIS

**I.    Plaintiff's motion to amend should be denied for failure to set forth any basis to justify his proposed amendment.**

A request to amend "must give adequate notice to the district court . . . of the basis of the proposed amendment." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009). "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Id.*

The Tenth Circuit does "not require district courts to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists . . . ." *Id.*

Here, Plaintiff's motion does not even contain a request to amend, let alone justification for the proposed amendment. Instead Plaintiff's motion simply states that he has attached a proposed amended complaint "in accordance with FRCP Rule 15" and the court's local rules. (ECF No. 40 (capitalization normalized).) Neither rule excuses Plaintiff from filing a motion that explains the basis of his proposed amendment. Plaintiff's motion makes no attempt to justify his proposed amendment. Accordingly, the motion to amend should be denied with prejudice and this case should be closed.

## II.     Plaintiff's motion to amend should be denied because it is futile and made in bad faith.

Alternatively, reviewing Plaintiff's proposed amended complaint and construing it liberally, Plaintiff's proposed amendment is futile and made in bad faith. While amendments are freely granted, amendments may be denied for a number of reasons that serve the ends of justice. These reasons include: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

The court denied Plaintiff's previous motion to amend because Plaintiff failed to plead facts that could suggest the discriminatory effect necessary to support Plaintiff's equal protection claim. (ECF Nos. 30 at 9; 34.) Plaintiff's proposed amended complaint still fails to allege discriminatory effect through disparate treatment. Plaintiff alleges that he was investigated as a criminal suspect for stalking Alicia Marie Washington (whose race he does not identify despite a court order to do so). Plaintiff also alleges that two white males were not investigated for

verbally threatening Plaintiff (an African American) in a somewhat related incident. (ECF No. 40, Ex. 1 at 5–9.) Plaintiff appears to allege two theories: selective enforcement, and race-based denial of police protection. The proposed amendment is futile with respect to both claims.

**a. Selective enforcement claim**

To establish discriminatory effect in a race-based selective enforcement case, Plaintiff must allege that he was stopped or arrested for some offense and that a similarly-situated individual of another race could have been, but was not, stopped or arrested for the same offense. (ECF No. 30 (citing *U. S. v. Alcaraz-Arellano*, 441 F.3d 1252, 1263–64 (10th Cir. 2006).) Plaintiff's proposed amendment is futile as to the selective-enforcement claim for three reasons.

First, Plaintiff's proposed amended complaint does not allege facts that demonstrate he was stopped or arrested. Instead, Plaintiff alleges that he called 911 to summon police. Plaintiff characterizes this as an investigative stop in an attempt to salvage his complaint. Yet, Plaintiff's alleged facts indicate he summoned police and encountered them voluntarily. (*See* ECF Nos. 30, 40.) Thus, Plaintiff has not plausibly alleged that he was stopped or arrested.

Second, even assuming that the interaction with police at some point became or could be characterized as an investigative stop, plaintiff's alleged facts indicate that the two white males are not proper comparators. Plaintiff alleges that different offenses were at issue.[1] Plaintiff alleges he was asked whether he had stalked Ms. Washington and placed a rose on her car. (ECF 40, Ex. 1 at 7–8.) Plaintiff alleges that the white males verbally threatened Plaintiff. (*Id.* at 5–9.)

---

[1] Plaintiff attempts to characterize the offenses as identical in his proposed third amended complaint, but alleges no new facts. (*See* ECF No. 40, Ex. 1 at 22.) This conclusory label is not entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Thus, Plaintiff has not plausibly alleged that he was stopped or arrested for the same offense committed by the alleged comparators.

Third, even if the offenses had been identical, there was no disparate treatment, as mentioned in the court's prior report and recommendation. (ECF No. 30.) When Officer Swensen and the other officer responded to Plaintiff's 9-1-1 call, they spoke with Plaintiff. The officers also spoke with the alleged comparators. The police left without making any arrest. Thus, Plaintiff has not alleged that he was treated differently than a comparator.

### b. Race-based denial of police protection

Plaintiff's claim of race-based denial of police protection is without merit. Plaintiff alleges that Officer Swensen denied him equal protection of the law based upon Plaintiff's race by refusing to investigate crimes committed against Plaintiff. (*See* ECF No. 40, Ex. 1 at 22 (alleging Officer Swensen said the white males "could do whatever they wanted to Pro Se Plaintiff Webb as an African American [m]ale and their [c]riminal [c]onduct would not garner any [c]riminal [i]nvestigation.").) This claim likewise requires Plaintiff to allege he was treated differently (i.e. denied police protection) on the basis of race. (ECF No. 30 (citing *Carmichael v. City of New York*, 34 F. Supp. 3d 252, 261 (E.D.N.Y. 2014).) The record demonstrates that race was not a dispositive factor here.

Plaintiff refuses to allege Ms. Washington's race despite this court's order to do so. (*See* ECF No. 30.) Accordingly, the court will take notice of this fact from the docket in *Webb v. Washington*. No 14-174 (D. Utah, filed Dec. 22, 2015).[2] In Plaintiff's verified amended complaint in the *Washington* case, Plaintiff alleges that Ms. Washington is African American.

---

[2] "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996).

*See id.* (Amd. Compl. at 7). Thus, Plaintiff's disparate treatment allegation fails. While Plaintiff alleges that Officer Swensen denied Plaintiff protection because Plaintiff is African American, Plaintiff also alleges that Officer Swensen was simultaneously affording police protection to Ms. Washington, who is also African American (though Plaintiff refused to provide this information to the court). Thus, Plaintiff alleges no race-based disparate treatment.

Next, Plaintiff also refused to plead Mr. Renty's race, despite the court's order to do so. The information withheld regarding Ms. Washington demonstrates that Plaintiff's claim for race-based denial of police protection lacks merit. The court will not speculate about Mr. Renty's race and is not aware of the fact from any other case filed by Plaintiff. Nonetheless, the court does note that Plaintiff's refusal to provide pertinent facts, despite a court order, evidences a lack of candor, and of good faith, on Plaintiff's part. This bad faith further militates in favor of denying the motion to amend.[3]

Accordingly, Plaintiff's proposed claim is futile because the facts alleged demonstrate that Plaintiff cannot allege disparate treatment. Further, Plaintiff's amendment is sought in bad faith because he attempted to withhold at least one fact detrimental to his case. Thus, for the foregoing reasons and those stated in the court's prior report and recommendation (ECF No. 30) the motion to amend should be denied and this case closed.

### III. Plaintiff's motion for certification under Rule 54(b) should be denied because there is a just reason for a short delay.

Based on the recommended disposition of Plaintiff's motion to amend, his motion for certification under Rule 54(b) should likewise be denied. To certify a decision under Rule 54(b) a district court must "determine that the order it is certifying is a final order" and "there is no just

---

[3] This is not the first time Mr. Webb has shown a lack of candor with the court. *See Webb v. Caldwell et al.*, No. 15-59 (report and recommendation dated Apr. 28, 2015). Mr. Webb is warned that this lack of candor can have serious consequences.

reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Oklahoma Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). Here, given the recommendation to deny Plaintiff's motion to amend with prejudice and close this case, it is just to delay appellate review of the court's prior order. Assuming the district court adopts this report and recommendation, this entire case will be concluded. The modest delay caused by the lack of certification here will conserve judicial resources and allow the Tenth Circuit to address all claims in this case simultaneously.[4] Thus, the motion for Rule 54(b) certification should be denied.

## RECOMMENDATION

For the reasons discussed above, this Court **RECOMMENDS** the District Court:

**DENY** Plaintiff's motion to amend (ECF No. 40.)

**DENY** Plaintiff's motion for Rule 54(b) certification (ECF No. 36.)

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 5th day of May, 2016.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] Given this recommendation, the court finds it unnecessary to determine whether the prior order is final for purposes of Rule 54(b).